GLOUCESTER CITY TRUST COMPANY, PLAINTIFF-RESPONDENT, v. ROBERT B. GOODFELLOW, DEFENDANT-APPELLANT.

Argued October 21, 1939—Decided January 25, 1940.

For the defendant-appellant, *David R. Rose.*

For the plaintiff-respondent, *Louis B. LeDuc.*

The opinion of the court was delivered by

BODINE, J. The appellant was the endorser upon a promissory note owned by the respondent. A premature default judgment, previously entered, was set aside. *Gloucester City Trust Co.* v. *Goodfellow,* 121 *N. J. L.* 546. Thereafter, a rule to plead being taken an answer was filed which was properly struck since it was insufficient in law. *N. J. S. A.* 2:27-124.

The answer, in various forms, pleads that the respondent having taken a bond and mortgage to secure its note was precluded by the foreclosure thereof from any recovery upon the note, and further that it was precluded from any action upon the note, except in accordance with the provisions of *R. S.* 2:65-2 *et seq.* The decisions of this court in *Chodosh* v. *Schlesinger,* 119 *N. J. L.* 405, and *Asbury Park and Ocean Grove Bank* v. *Giordano,* 3 *N. J. Mis. R.* 555; *affirmed,* 103 *N. J. L.* 171, are to the contrary.

The respondent, holding a note unpaid at maturity, could pursue its remedy thereon in spite of anything that appears in the answer. The note was an independent obligation for which the bank had held security. Certainly, after the exhaustion thereof, it could look to the maker and endorser of the note for payment of that which remained due.

*R. S.* 2:65-2 *et seq.* applies only to an action on the bond where a mortgage has been given as security therefor. *Sivade* v. *Smith,* 104 *N. J. Eq.* 528.

Other arguments made by the learned counsel for the appellant have been carefully considered but require no further discussions because they are adversely ruled in the cases cited.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.